**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

JOHN HERZOG, on behalf of
Himself and on behalf of all others
similarly situated,

     **Plaintiff,**

v.                               **CASE NO.:**

ATKINSON CONSULTING, LLC, and
FLUOR FEDERAL SERVICES, INC.,

     **Defendants.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JOHN HERZOG ("Plaintiff"), by and through undersigned counsel, on behalf of himself and on behalf of all others similarly situated, brings this action against Defendant, ATKINSON CONSULTING, LLC ("Defendant Atkinson"), and Defendant FLUOR FEDERAL SERVICE, INC. ("Defendant FFS"), collectively ("Defendants"), and in support of his claims states as follows:

## JURISDICTION AND VENUE

1.    Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, to recover unpaid overtime wages unlawfully withheld by Defendants.

2.    This Complaint is filed as a collective action under 29 U.S.C. § 216(b). Plaintiff has filed a consent-to-join this action contemporaneously with the filing of this Complaint.

3. This Court has jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.*, because this case arises under federal law under 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.*

4. This Court has personal jurisdiction over Defendants because they conduct continuous and systematic business in Florida, including within this District, based on both general and specific jurisdiction. For years, Defendant Atkinson and Defendant Fluor have done business in the State of Florida, as well as within this District.

5. Venue is proper in this District because a substantial portion of the events giving rise to these claims occurred here in the Southern District of Florida, where a substantial part of the events giving rise to these claims occurred.

6. Plaintiff is a resident of Duval County, Florida. Plaintiff worked for Defendants in Fort Lauderdale, Florida.

7. Defendant Atkinson is a foreign limited liability company, registered to do business in Florida as of May 5, 2025, (though Defendant was conducting business in Florida prior to May 2025), and operates a professional and technical services corporation in Florida and across the United States.

8. Defendant FFS is a foreign corporation, registered to do business in Florida, and operates a project management firm in Florida and across the United States.

9. Defendant Atkinson is subcontracted to the prime contractor, Defendant FFS.

10. Defendant FFS is contracted to the U.S. Department of Homeland Security, Federal Emergency Management Agency ("FEMA") for Public Assistance Technical Assistance Contract IV Indefinite Delivery / Indefinite Quantity ("IDIQ"), (PA TAC IV) PIID 70FB8018D00000001.

11. Defendant FFS was also contracted to FEMA under PA TAC III HSHEFQ-12-D-0880.

## GENERAL ALLEGATIONS

12. Plaintiff has satisfied all conditions precedent, or such conditions have been waived.

13. Plaintiff has hired the undersigned attorneys and agreed to pay them a contingent fee.

14. Plaintiff requests a jury trial for all issues so triable.

15. At all relevant times, Plaintiff worked for Defendants as a Site Inspector, providing services essential to Defendants' FEMA contracts.

16. The Class of similarly situated employees consists of all other Site Inspectors employed by Defendants within the last three years. These similarly situated persons will be referred to as "Members of the Class" or "the Class."

17. At all times material hereto, Plaintiff and Members of the Class were "engaged in the production of goods" for commerce within the meaning of Sections

3

6 and 7 of the FLSA, and as such were subject to the individual coverage of the FLSA.

18. At all times material hereto, Plaintiff and Members of the Class were "employees" of Defendants within the meaning of the FLSA.

19. At all times material hereto, Defendants were an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

20. Defendants continue to be an "employer" within the meaning of the FLSA.

21. At all times material hereto, Defendants were and continue to be an enterprise covered by the FLSA, as defined under 29 U.S.C. §§ 203(r) and 203(s).

22. At all times relevant to this action, Defendants engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(s).

23. At all times relevant to this action, the annual gross sales volume of Defendants exceeded $500,000 per year.

24. At all times material hereto, the work performed by Plaintiff and Members of the Class was directly essential to the business performed by Defendants.

25. This Complaint challenges Defendants' uniform policy of willfully misclassifying their Site Inspectors as independent contractors when they are, under the economic reality test, employees of Defendants as defined by the FLSA.

26. By unlawfully misclassifying their Site Inspectors, Defendants create a scheme in which they pass the ordinary costs of doing business on to those employees they unlawfully categorize as independent contractors and, therefore, evade Defendants' obligations to pay their employees the overtime premium required by Federal law.

## FACTUAL BACKGROUND

27. Named Plaintiff John Herzog began working for Defendants as a Site Inspector in May 2023.

28. Defendants intentionally misclassified Plaintiff and Members of the Class as exempt under the FLSA to avoid paying them overtime wages mandated by federal law.

29. Defendants are in the business of providing project management and technical services through contracting to FEMA. Plaintiff and Members of the Class delivered Defendants' core services—performing inspections and preparing deliverables under FEMA contracts—placing them squarely on the production side of Defendants' business and service by providing on-site inspections and deliverables.

30. Defendants' customer, FEMA, was and is in the business of providing emergency services across the nation. Plaintiff and Members of the Class's services fell on the production side of Defendants' customers by providing services after

national emergencies such as Hurricane Irma, Hurricane Maria, and Hurricane Ian.

31.     Plaintiff and Members of the Class provided services pursuant to Defendants' contracts with FEMA and, in doing so, they followed well-defined policies and procedures laid out by Defendant. They were not decision-makers, and they did not exercise independent discretion. Plaintiff had no discretion in work processes, procedures, schedule, work product, means, methods, tools, budget, work hours, work location, ability to hire additional workers, or the scope of work that actually defined the work or the work product.

32.     Plaintiff and Members of the Class's jobs required them to engage in manual labor, such as providing the actual deliverables under the contracts.

33.     A significant percentage of Plaintiff and Members of the Class's work was performed outdoors and in the field, not in office conditions. By way of example and not limitation, an inspection may be inside a damaged building.

34.     Much of Plaintiff and Members of the Class's work required daily travel, namely driving from job site to job site.

35.     At various times material hereto, Plaintiff and Members of the Class worked a significant number of hours in excess of forty (40) hours within a work week for Defendants, and they were entitled to be compensated for these overtime hours at a rate equal to one and one-half times their individual regular hourly rates.

36. In fact, during at least one contract, Defendants and FEMA mandated overtime for every day, including weekends, for weeks on end.

37. Defendants failed and refused to pay Plaintiff and Members of the Class overtime premiums for hours worked beyond forty (40) per week, in direct violation of the FLSA, and failed to pay Plaintiff and Members of the Class an overtime premium for any of the overtime hours that they worked, in violation of the FLSA.

38. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and Members of the Class, Defendants have failed to make, keep, and preserve records with respect to each of their employees in a manner sufficient to determine their wages, hours, and other conditions of employment, including Defendants' employment practices, in violation of the FLSA, 29 U.S.C. § 201, *et seq*.

39. Defendants' violations were not accidental. Fluor Federal Services, Inc., has been in business for twenty-five years. Atkinson Consulting, LLC, is subcontracted to Fluor Federal Services, Inc., as the prime contractor. The Defendants failed to properly notify of labor law requirements either through electronic notifications (posting) or postings at the facilities in common areas. They acted willfully and with reckless disregard for the FLSA's overtime requirements and showed reckless disregard for the provisions of the FLSA.

7

## COLLECTIVE ACTION ALLEGATIONS

40.     Plaintiff brings this case as an "opt-in" collective action on behalf of similarly situated employees of Defendants (the "Class") pursuant to 29 U.S.C. § 216(b). The Class is composed of Site Inspectors who Defendants failed to compensate for all overtime hours worked in accordance with the FLSA.

41.     Therefore, Notice is properly sent to: "All Site Inspectors whom Defendant failed to compensate for all of the overtime hours that they worked from October 1, 2022, to the present."

42.     The total number and identities of Members of the Class may be determined from the records of Defendants, and the Class may easily and quickly be notified of the pendency of this action.

43.     Plaintiff is similar to Members of the Class because he and the Class have been unlawfully denied full payment of their overtime wages as mandated by the FLSA.

44.     Plaintiff's experience with Defendants' payroll practices is typical of the experiences of Members of the Class.

45.     Defendants' failure to pay all overtime wages due at the rates required by the personal circumstances of the named Plaintiff or of Members of the Class is common to the Class.

46.     Overall, Plaintiff's experience as a Site Inspector who worked for Defendants is typical of that of the Class.

47.     Specific job titles or job duties of the Class do not prevent collective treatment.

48.     Although the issues of damages can be individual in character, there remains a common nucleus of operative facts concerning Defendants' liability under the FLSA in this case.

**COUNT I – VIOLATION OF THE FLSA OVERTIME PROVISIONS**

49.     Plaintiff realleges and readopts the allegations of Paragraphs 8 through 39 of this Complaint, as fully set forth herein. Plaintiff brings this action on behalf of himself and all other similarly situated employees in accordance with 29 U.S.C. § 216(b). Plaintiff anticipates that as this case proceeds, other individuals will sign consent forms and join this collective action as plaintiffs.

50.     During the statutory period, Plaintiff and Members of the Class worked overtime hours while employed by Defendants, and they were not properly compensated for all these hours under the FLSA.

51.     Defendants failed to compensate Plaintiff and Members of the Class for all of the overtime hours that Plaintiff and the Class worked.

52.     The Members of the Class are similarly situated because they were all employed as Site Inspectors by Defendants, were compensated in the same manner, and were all subject to Defendants' common policy and practice of failing to pay their field damage investigators for all of the overtime hours that they worked in accordance with the FLSA.

53.     This reckless practice violates the provisions of the FLSA, specifically 29 U.S.C. § 207(a)(1). As a result, Plaintiff and the Members of the Class who have opted into this action are each entitled to an amount equal to their unpaid overtime wages as liquidated damages.

54.     All of the foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

55.     As a result of the foregoing, Plaintiff and the Class have suffered damages.

**WHEREFORE**, Plaintiff and all similarly situated employees who join this collective action demand:

(a)     Designation of this action as a collective action on behalf of the Plaintiff and the prospective Class that he seeks to represent, in accordance with the FLSA;

(b)     Prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. § 216(b);

(c)     Equitable tolling of the statute of limitations from the date of the filing of this complaint until the expiration of the deadline for filing consent to sue forms under 29 U.S.C. § 216(b);

10

(d)     Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by this Court;

(e)     Judgment against Defendants for an amount equal to the unpaid overtime wages of Plaintiff and of opt-in Members of the Class at the applicable overtime rate;

(f)     A declaratory judgment stating that the practices complained of herein are unlawful under the FLSA;

(g)     Judgment against Defendants for an amount equal to the unpaid back wages of Plaintiff and of opt-in Members of the Class at the applicable overtime rate as liquidated damages;

(h)     Judgment against Defendants, stating that their violations of the FLSA were willful;

(i)     To the extent liquidated damages are not awarded, an award of prejudgment interest;

(j)     All costs and attorneys' fees incurred in prosecuting these claims; and

(k)     For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 6th day of October, 2025.

Respectfully submitted,

*/s/ Brandon J. Hill*
**BRANDON J. HILL**
Florida Bar Number: 37061
**LUIS A. CABASSA**
Florida Bar Number: 0053643
**AMANDA E. HEYSTEK**
Florida Bar Number: 0285020
**Wenzel Fenton Cabassa, P.A.**
1110 North Florida Ave., Suite 300
Tampa, Florida 33602
Direct: 813-337-7992
Main: 813-224-0431
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: lcabassa@wfclaw.com
Email: aheystek@wfclaw.com
Email: aketelsen@wfclaw.com

**Eric Lechtzin** (SBN 248958)
(pro hac vice forthcoming)
**EDELSON LECHTZIN LLP**
411 South State Street, Suite N-300
Newtown, PA 18940
Telephone: (215) 867-2399, Ext. 1
Email: elechtzin@edelson-law.com

12